DILLON, J., not present.

---

## In re BABCOCK et al.

### (210 N. W. 196.)

(File No. 6198.   Opinion filed October 11, 1926.)

**Attorney and Client.**

> Showing in opposition to dismissal of disbarment proceeding held insufficient to show lack of proper investigation or evidence justifying formal charge.

---

Note.—See, Headnote, A m e r i c a n   Key-Numbered   Digest, Attorney and client, Key-No. 53(2), 6 C. J. Sec. 84.

In the matter of the application of Rudolph Miller for the disbarment of O. H. Babcock, also known as Howard Babcock, and others, attorneys at law. On report of Attorney General recommending dismissal. Application for disbarment denied, and proceedings dismissed.

*C. R. Jorgenson,* of Sisseton, for Rudolph Miller.

The Attorney General, for the State.

BURCH, C. On March 11, 1926, the application of Rudolph Miller for the disbarment of Howard Babcock, A. O. Bunde, and J. J. Batterton was filed in this court, and by this court referred to the Attorney General for investigation and report. On the 18th of June, 1926, the Attorney General filed his report, and therein recommended the dismissal of the application.

The substance of the application for disbarment is that on the 8th day of December, 1919, the trial in the case of Jennie Ford

against Rudolph Miller was commenced and a jury sworn; that an adjounment was then taken until the morning of December 9th; that in the evening of December 8th Miller was advised to come to Howard Babcock's law office for the purpose of shaping up the evidence in his case, which he did about 8:30 that evening, and was met there by the accused A. O. Bunde and Howard Bab-- cock; that Bunde and Babcock demanded of Miller that he then pay the sum of $3,000 in addition to what he had already paid, and threatened to withdraw from the case, and allow judgment to be taken against Miller for $10,053.43 if de did not make this payment before court was called the next morning; that Miller complained that the fee was outrageous; and that if they were going to demand such an amount, he would go and see if he could make a settlement of the case with the plaintiff's attorney, C. R. Jorgenson; that the accused Howard Babcock then told Miller that he could not make any settlement with counsel for the plaintiff and that he would either have to dig up or have judgment entered against him by default; that, on account of the threats made by the accused Bunde and Babcock, Miller was forced to borrow $2,900 from the bank, and to mortgage his land to se- cure the same, and to pay this amount to Batterton & Bunde, and Howard Babcock; that he had already paid the sum of $700 to Howard Babcock; that on the next day the case of Jennie Ford v. Rudolph Miller proceeded to trial, and consumed only a day and one-half, and resulted in a vedict against Miller for $500; that thereafter a new trial was granted to Miller, the defendant, and on June 2, 1920, the case was called for retrial, and a jury was selected and sworn on that day and a recess taken until the morn- ing of June 3d; that in the evening of June 2d, he was again advised to come to the office of Howard Babcock, and that a fee of $3,000 was again demanded; that the complainant refused to pay this amount and informed the accused Bunde and Babcock that he had hired Mr. Murphy of Wheaton, Minn., to assist them in the trial of said case, and that their demand was a "holdup," in view of the fact that they had already received $3,600, and there- upon left the office of Howard Babcock; that on the next morn- ing the accused Bunde came to the complainant, and demanded of him that he come to the office of Mr. Babcock and make settle- ment, and stated to complainant that they would not permit Mr.

Murphy to participate in the trial of said case or deliver up any papers in connection with the same, unless he, the complainant, made settlement with them; that the complainant was afraid that unless he made settlement with accused Bunde and Babcock, Murphy would not be permitted to participate in the trial, and that a judgment by default would be taken against him. On account of these threats, the complainant again made settlement by giving Batterton & Bunde a note for $500, and a note for the same amount to Howard Babcock, and, in addition, paid $693.17 in cash to Howard Babcock for money which Babcock had pretended he had paid out for expense in connection with the trial; that this cash payment for expense money was demanded by the accused Howard Babcock, but that the said accused refused to give to the complainant on his demand an itemized statement of the expenses incurred.

On the face of the application it does not appear that J. J. Batterton was present when any of the acts complained of occurred. The report discloses that Miller admitted that Batterton was not present at any of the alleged transactions, but that he was included in this proceeding for the sole reason that he was a member of the firm of Batterton & Bunde. In open court Miller asked that the proceeding as to Batterton be dismissed, which was allowed, and an order to that effect has heretofore been entered.

Babcock and Bunde both deny the accusations against them, and there is no evidence of the transactions complained of except the word of Rudolph Miller. In the trial of the case of Jennie Ford against Rudolph Miller four witnesses testified that Miller's reputation for truth and veracity was bad, and in another case similar proof was introduced. After the acts complained of, Miller corresponded with accused in a friendly way. He asked them to represent him in a suit against the witnesses, who testified that his reputation for truth and veracity was bad, and there is nothing in his correspondence or his acts which indicates any dissatisfaction with his attorneys until long after the transactions charged.

In his hearing on the report of the Attorney General, Miller appeared in person and by counsel, C. R. Jorgenson, in resistance to a dismissal. He has not shown that the Attorney General has been lax in his investigation, or that he is unwilling to prosecute if sufficient evidence can be obtained to warrant a trial, nor that he

has been guilty of any improper conduct in connection with the case, nor dereliction of duty. No additional evidence is suggested, except that Murphy, the Minnesota attorney assisting in the Jennie Ford case, may be able to furnish some evidence and that the Attorney General has not questioned him, but no attempt is made to show what, if anything, Murphy knew or will testify to. The investigation by the Attorney General appears to have been thorough and conscientious. He says there is not sufficient evidence found to justify a formal charge against either Babcock or Bunde, and such evidence as is offered is of such a character that he does not deem it worthy of belief. On consideration of the report we think the report should be accepted and the recommendation to dismiss adopted by this court.

The application for disbarment is in all things denied, and the proceedings dismissed.

DILLON, J., not sitting.